# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 24-1026V**

| | |
|---|---|
| TED POULOS,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 9, 2026 |

*Ramon Rodriguez, III, Siri & Glimstad, LLP, Richmond, VA, for Petitioner.*

*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 8, 2024, Ted Poulos filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination he received on September 8, 2021. Petition, ECF No. 1. On January 24, 2025, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 20. On April 10, 2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 57.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $71,670.11 (representing $34,379.34 in fees and costs incurred by Petitioner's counsel of record, Ramon Rodriguez, III, at Siri & Glimstad, LLP, plus $37,251.93 in fees and costs incurred by Petitioner's former counsel Ramon Rodriguez, III, at Sands Anderson, P.C., plus $38.84 in Petitioner out-of-pocket expenses). Petition for Reimbursement of Attorneys' Fees and Costs ("Motion") filed May 19, 2026, ECF No. 62. Furthermore, Petitioner filed a signed statement representing that $38.84 was incurred in personal out-of-pocket expenses. ECF No. 62-1 at 2.

Respondent reacted to the motion on June 1, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at ECF No. 64. On June 8, 2026, Petitioner filed a reply to Respondent's Response requesting that the amount of fees and costs in the Motion be awarded. ECF No. 65.

I have reviewed the billing records submitted with Petitioner's request. The attorney rates requested for work performed through 2026 are reasonable and consistent with our prior determinations and will therefore be awarded herein.

Petitioner has provided supporting documentation for all claimed costs. ECF Nos. 62-2 at 2-5, 62-3 at 1-38, and 62-5 at 5-19. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $71,670.11 as follows:**

**A lump sum of $34,379.34 (representing reimbursement for $33,403.00 in attorney's fees and $976.34 in costs) to be paid through an ACH deposit to Petitioner's counsel of record, Ramon Rodriguez, III, at Siri & Glimstad, LLP, IOLTA account for prompt disbursement; and**

**A lump sum of $38.84 representing reimbursement for Petitioner out-of-pocket expenses to be paid through an ACH deposit to Petitioner's counsel of**

**record, Ramon Rodriguez, III, at Siri & Glimstad, LLP, IOLTA account for prompt disbursement; and**

**A lump sum of $37,251.93 (representing reimbursement for $35,449.10 in attorney's fees and $1,802.83 in costs) to be paid through an ACH deposit to Petitioner's former counsel, Ramon Rodriguez, III, at Sands Anderson, P.C., IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.